ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ALEXANDRA LÓPEZ TAPIA<br><br>RECURRENTE<br><br><br>V.<br><br><br>MUNICIPIO DE SAN JUAN<br><br>RECURRIDO | KLRA202500117 | *REVISIÓN JUDICIAL* procedente del Municipio Autónomo de San Juan, Oficina de Asuntos Legales<br>_____<br>Querella Núm.: 24OP-65844-QU-SJ<br>Revisión de Boleto Número: 3165<br>_____<br>Sobre:<br>Uso sin Permiso de Propiedad Pública |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece Alexandra López Tapia ("Sra. López" o "Recurrente") y solicita la revocación de la Resolución emitida por el Municipio de San Juan ("Municipio" o "Recurrido") el 23 de enero de 2025[1] en la que declaró *No Ha Lugar* el recurso de revisión.

Por los fundamentos que exponemos a continuación, se **confirma** la determinación emitida por el Municipio.

-I-

Según surge del *Informe del Juez Administrativo[2],* el 28 de mayo de 2024 el señor Carlos Ríos, Inspector de la Oficina de Permisos del Municipio de San Juan ("Inspector") acudió a la calle Morales en Santurce donde se percató de tres vagones que ocupaban un área pública sin los permisos correspondientes. El Inspector le concedió diez (10) días a la Sra. López para remover los vagones. Sin embargo, en el mes de julio los vagones continuaban en el mismo lugar. Por

_____

[1] Archivada en autos y notificada el 24 de enero de 2025.
[2] *Íd*., a las págs. 22-24.

tal razón, el 9 de julio de 2024 el Inspector emitió un boleto administrativo contra la Sra. López por "*cierre de área pública con 3 vagones*"[3]. El 19 de julio de 2024, la Recurrente presentó una *Solicitud de Revisión Administrativa* ante el Tribunal Administrativo[4]. La vista fue señalada para el 1 de octubre de 2024.[5]

Por su parte, la Recurrente alegó que se encontraba en el proceso de sacar los permisos, trámite para el cual contrató a un ingeniero. Sin embargo, señaló que este no cumplió con sus responsabilidades.[6] Luego del análisis correspondiente, el 30 de octubre de 2024 el Juez Administrativo rindió su informe en el que recomendó declarar *No Ha Lugar* el recurso de revisión presentado por la Recurrente.[7] Así las cosas, el 23 de enero de 2025, la Oficina de Asuntos Legales del Municipio de San Juan emitió una *Resolución*[8] declarando *No Ha Lugar* el recurso de revisión administrativa y, en consecuencia, sosteniendo la multa de mil dólares ($1,000.00) impuesta a la Sra. López.

Inconforme con dicha determinación, el 24 de febrero de 2025, la Recurrente acudió ante nos mediante *Solicitud de Revisión Administrativa* e hizo el siguiente señalamiento de error:

**ERRÓ EL MUNICIPIO DE SAN JUAN
AL IMPONER LA MULTA DE $1,000.00
EN LAS CIRCUNSTANCIAS DE ESTE CASO**

-II-

La Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991[9] declara como política pública otorgar a los municipios el máximo de autonomía de forma tal que

---

[3] *Véase* Anejo II del Apéndice del recurso administrativo, pág. 4.
[4] *Véase* Anejo V del Apéndice del recurso administrativo, pág. 22.
[5] *Íd.*
[6] *Íd.*
[7] *Íd.*
[8] *Véase* Anejo I del Apéndice del recurso administrativo, págs. 1-3.
[9] Ley Núm. 81 de 30 de agosto de 1991, según enmendada.

asuman un rol central y fundamental en su desarrollo urbano, social y económico.[10] Los Artículos 2.004(h) y 5.005(m) autorizan a los municipios a establecer política, estrategias y planes dirigidos a la ordenación de su territorio. Entre sus facultades se encuentran aprobar las ordenanzas, resoluciones y reglamentos sobre asuntos y materias de la competencia o jurisdicción municipal que deban someterse a su consideración y aprobación.[11]

El Artículo 2.01 de la Ordenanza Núm. 1, Serie 2007-2008 dispone que toda excavación que se realice en un área pública a favor del Municipio de San Juan deberá obtener un permiso del Gobierno Municipal de San Juan a través de su Oficina de Permisos. Por su parte, en lo pertinente a la controversia de epígrafe el Artículo 7.01(a) de la referida Ordenanza dispone lo siguiente:

> La persona o entidad que esté llevando trabajos sin "permiso para cierre y/o excavación" que sea notificado verbalmente o por escrito por la Oficina de Permisos, deberá detener los mismos hasta que obtenga el permiso correspondiente. De no otorgarse el permiso solicitado, la persona o entidad deberá reponer el área impactada a su estado original.[12]

Cabe señalar que la Ordenanza define "cierre" como "*acción de clausurar parcial o totalmente área pública del Municipio*".[13] Por su parte, el término "excavación" es definido como la "*remoción de superficie natural o construida para la realización de cualquier trabajo u obra.*"[14]

Por otro lado, el Artículo 7.02, en parte pertinente, dispone lo siguiente:

> Toda Persona o Entidad que no tenga un "permiso para cierre y/o excavación" de área pública del Municipio de San Juan o que incurra en alguna de las conductas arriba tipificadas estará sujeto al

---

[10] *Íd.*, Artículo 1.002.
[11] *Véase* Ordenanza Núm. 1, Serie 2007-2008 de 9 de julio de 2007.
[12] *Íd.*, Artículo 7.01(a).
[13] *Íd.*, Artículo 1.10(H).
[14] *Íd.*, Artículo 1.10(K).

pago de una multa administrativa de mil dólares ($1,000.00).[15]

-III-

Surge del expediente que la Sra. López interesaba construir en un terreno perteneciente al Municipio. Como parte de los trámites para obtener los permisos requeridos, contrató a un ingeniero que le asistiría durante el proceso. Sin embargo, la Recurrente alegó que el ingeniero no cumplió con sus responsabilidades, lo que ocasionó que la Sra. López no tuviera los permisos necesarios para hacer uso del terreno. El 28 de mayo de 2024, el Inspector hizo una primera intervención en el terreno ocupado. Al percatarse de la existencia de los vagones sin tener los permisos para ello le concedió a la Recurrente un término de diez (10) días para removerlos. Posteriormente, en el mes de julio de 2024, el Inspector hizo una segunda visita al área y se percató que los vagones no habían sido removidos. De igual forma, la Recurrente tampoco había obtenido los permisos correspondientes. Así las cosas, procedió a imponerle una multa de mil (1,000.00) dólares a la Sra. López.

Si bien es cierto que la Recurrente gestionó el trámite de los permisos requeridos a través de un ingeniero, el atraso o posible incumplimiento de este con los procedimientos no puede ser utilizado como fundamento para violar una normativa municipal. La gestión, por sí sola, para obtener los permisos no es sinónimo de cumplimiento. La Sra. López, como parte interesada, es responsable de cumplir con la Ordenanza en cuestión y con todos aquellos estatutos aplicables. En vista de lo anterior, resulta forzoso confirmar la Resolución recurrida.

---

[15] *Íd.*, Artículo 7.02.

-IV-

Por los fundamentos antes expresados se ***confirma*** la determinación administrativa.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.



Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones